UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MO ELMI, | Case No. 17-CV-4762 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| LESLIE TRITTEN, Field Office Director, Minneapolis-St. Paul Field Office, U.S. Citizenship and Immigration Services; DAVID DOUGLAS, District Director, Kansas City District Office, U.S. Citizenship and Immigration Services; JAMES McCAMENT, Acting Director, U.S. Citizenship and Immigration Services; and ELAINE C. DUKE, Acting Secretary, Department of Homeland Security, | |
| Defendants. | |

Kimberly K. Hunter and John R. Bruning, KIM HUNTER LAW, PLLC, for plaintiff.

Erin M. Secord, UNITED STATES ATTORNEY'S OFFICE, for defendants.

Plaintiff Mo Elmi applied for naturalization on September 11, 2015, and United States Citizenship and Immigration Services ("USCIS") interviewed him on October 17, 2016.  Compl., ECF No. 1, ¶ 1.  On October 20, 2017, over a year after his interview with USCIS, Elmi brought this action, asking the Court to "review *de novo* and grant [Elmi's] application for naturalization pursuant to 8 U.S.C. § 1447(b)" or, "[i]n the alternative, [to]

remand [Elmi's] application for naturalization to USCIS with instructions to adjudicate the application and issue the citizenship oath to [Elmi] within 10 days." Compl. at 6. Months later, on January 11, 2018, USCIS purported to deny Elmi's application for naturalization. ECF No. 8 ¶ 5. The next day, defendants moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim. ECF No. 6. Defendants requested that the Court "dismiss [Elmi's] complaint for mootness or, in the alternative, grant remand for a final adjudication." ECF No. 10 at 12.

A hearing was held on April 6, 2018. Based on all of the files, records, and proceedings herein, and for the reasons stated on the record at the hearing, the Court denies defendants' motion to dismiss the complaint but grants defendants' alternative request for relief, grants in part Elmi's requests for relief, and remands Elmi's application for naturalization to USCIS for a determination within 7 days.

Under 8 U.S.C. § 1447(b), if USCIS fails to make a determination on a naturalization application within 120 days of USCIS's examination of the applicant, "the applicant may apply to the United States district court . . . for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Defendants argue that § 1447(b) does not preclude USCIS from reaching a determination on a naturalization application after a § 1447(b) petition is filed in the district court. Like every court of

appeals—and the majority of district courts—to have addressed this argument, the Court rejects defendants' position:

> Our sister circuits who have addressed the issue have all rejected the government's position. *See Bustamante v. Napolitano*, 582 F.3d 403, 406 (2d Cir. 2009); *Etape v. Chertoff*, 497 F.3d 379, 383 (4th Cir. 2007); *United States v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004) (*en banc*). We add our voice to the chorus. Like those circuits, we start with the plain language of § 1447(b), and as they did, we find it incompatible with a system of concurrent jurisdiction. Congress gave the district courts the power to "determine the matter" once a naturalization petition is properly in front of it; it would be illogical to read this unqualified grant of power to contain an unwritten "if . . . ," or to give USCIS the prerogative to nullify the court's statutory power. Similarly, it would render meaningless the district court's power to "remand the matter" if the agency could act even without a remand. The meaning of "remand" is "sending something (such as a case, claim, or person) *back* for further action." BLACK'S LAW DICTIONARY 1406 (9th ed. 2009) (emphasis added).
>
> . . . [W]hen an applicant for naturalization has properly invoked § 1447(b) and brought an application to the district court, that court has exclusive jurisdiction over the naturalization application unless and until the matter is remanded to the agency. Therefore USCIS had no jurisdiction to act on [the applicant's] naturalization application, and his lawsuit is not moot.

*Aljabri v. Holder*, 745 F.3d 816, 820-21 (7th Cir. 2014) (some citations omitted); *see also*

*Al-Maleki v. Holder*, 558 F.3d 1200, 1205 n.2 (10th Cir. 2009) (noting "[t]he persuasive

reasoning of the Ninth and Fourth Circuits" but finding it "unnecessary to address the argument").[1]

Because USCIS lacked the authority to decide Elmi's naturalization application after he properly filed a § 1447(b) petition, USCIS's denial is without legal effect and Elmi's complaint is not moot. For that reason, the government's motion to dismiss this action is denied.

The government asks that, if this Court finds that USCIS did not have authority to deny Elmi's naturalization application, this Court remand the matter to USCIS with instructions to issue a decision by a particular date. Elmi would prefer that this Court decide his application on the merits—but, failing that, he agrees that the matter should be remanded as requested by the government.

---

[1] Judges in this District have disagreed about this issue. *Contrast Linares Lopez v. U.S. Citizenship & Immigration Services*, No. 09-CV-0774 (PAM/RLE), 2010 WL 3516936 (D. Minn. Sept. 3, 2010) ("If CIS fails to act [within 120 days of the examination], the applicant can take his or her case to court, and CIS cannot make an end run around the judicial process by issuing a denial after the lawsuit is filed."); *with Ali v. Henning*, No. 08-CV-2209 (JNE/FLN), 2009 WL 1507685, at *1 (D. Minn. May 4, 2009) (finding that the district court "has concurrent jurisdiction under section 1447(b)" because the statute "does not state 'exclusive' jurisdiction" and because "interpret[ing] the statute as vesting exclusive jurisdiction in the district court would frustrate the statute's purpose of expediting decisions on naturalization applications"). The Eighth Circuit will soon have occasion to resolve the dispute when it considers the appeal of *Haroun v. United States Department of Homeland Security*, No. 4:16-CV-01511-JAR, 2017 WL 3168530 (E.D. Mo. July 26, 2017).

The Court will remand the matter to USCIS with instructions to issue a decision on Elim's application within seven days.  (Presumably, USCIS will simply re-issue its earlier decision.)  At this point, USCIS is better suited than this Court to adjudicate the merits of Elmi's application.  The agency has expertise that is not possessed by this Court, and the agency has already devoted a considerable amount of time to investigating Elmi.  Should USCIS deny Elmi's application, Elmi may seek judicial review of that decision after exhausting his administrative remedies.  *See* 8 U.S.C. 1447(a); 8 C.F.R. 310.5.

                                   ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim [ECF No. 6] is DENIED.

2. Defendant's alternative request for relief is GRANTED and plaintiff's request for relief is GRANTED IN PART as follows:

    a. This matter [ECF No. 1] is REMANDED to United States Citizenship and Immigration Services.

    b.  United States Citizenship and Immigration Services must issue a determination on plaintiff's application for naturalization by April 13, 2018.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 6, 2018                              s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge